**SO ORDERED.**

**SIGNED this 25 day of August, 2006.**



_____
**ROBERT E. NUGENT**
**UNITED STATES CHIEF BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| RICHARD HERMAN HAYES, | ) | Case No. 05-19685 |
| | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | |
| | ) | |

### MEMORANDUM OPINION AND ORDER OVERRULING FERGUSON'S OBJECTION TO EXEMPTION

Ferguson Enterprises, Inc. ("Ferguson") objects to the debtor's claimed exemption of a 1997 Chevrolet Camaro under KAN. STAT. ANN. § 60-2304(c). Ferguson claims that the Camaro is not debtor's "regularly used" vehicle and is therefore not properly exempt. The Court convened an evidentiary hearing on this objection on July 19, 2006. Ferguson appeared by its counsel, Calvin L. Wiebe, and the debtor appeared in person and by his counsel, William B. Sorensen, Jr. The Court heard the debtor's testimony and all exhibits were admitted by stipulation. After hearing argument and carefully reviewing the evidence, the Court is ready to

1

rule. The following are the Court's findings of fact and conclusions of law.[1]

I.        FINDINGS OF FACT

Debtor Richard Herman Hayes filed this chapter 7 case on October 15, 2005. On Schedule B, he listed six vehicles: a 1983 Chevrolet Utility Van, a 1997 Chevrolet Camaro, a 1998 Chevrolet Utility Van, a 1999 Chevrolet Suburban, a 2001 Ford Explorer, a 2002 Chevrolet Utility Van, and a 2005 Chevrolet Utility Van.[2] Hayes claimed the 1997 Chevrolet Camaro as his exempt "means of conveyance" on Schedule C, citing K.S.A. 60-2304(c).[3] Debtor indicated that he intends to reaffirm his debt for the Suburban and the Ford Explorer.[4]

Debtor resides in Kingman, Kansas, with his girlfriend and her children. He typically commutes to Wichita (approximately 40 miles) in the Suburban. He drives the Camaro on errands and around town. Sometimes, he drives the Camaro to Wichita to pick up his grandson. He estimated that in 2005, he drove the Suburban 25,000 miles, the Chevrolet Van 48,000 miles (while working as a plumber), and the Camaro 6,000 miles.[5]

The Camaro is described as in good condition despite having over 100,000 miles of service, along with a cracked windshield and an overheating problem. There is no debt against it.[6] The other vehicles are significantly encumbered in relation to their value.

---

[1] Fed. R. Bank. P. 7052 (making Fed. R. Civ. P. 52 applicable to adversary proceedings and contested matters in bankruptcy).

[2] Ferguson's Exhibit 1.

[3] Ferguson's Exhibit 2.

[4] Ferguson's Exhibit 4.

[5] Ferguson's Exhibit 7, Debtor's Answers to [Ferguson's] Interrogatory No. 5.

[6] Dkt. 7, Shed. D.

2

By the introduction of photographs of the debtor's home in Kingman, Ferguson established that the Camaro is normally parked in the driveway with two other vehicles behind it, possibly suggesting that it is not always immediately accessible for use.

II. CONCLUSIONS OF LAW

A party objecting to a debtor's exemption has the burden of proving that is has not been properly claimed.[7] Here, Ferguson asserts that, because Hayes uses his other vehicles more frequently than the Camaro, he is not entitled to claim it as his exempt means of conveyance under K.S.A. 60-2304(c) because it is not in "regular use." Debtor first contends that Ferguson's objection is untimely. Debtor further argues that Ferguson's reading of the statute is erroneous because it would require that the Camaro be used as debtor's *primary* transportation.

We first address the timeliness issue. Objections to a debtor's exemptions are to be filed not later than 30 days after the completion of the first meeting of creditors conducted under § 341. According to the docket card, the first meeting was initially scheduled for November 14, 2005.[8] Because the debtor filed his schedules and statement of affairs after his petition, the first meeting was continued to December 6, 2005.[9] The first meeting was conducted and concluded on December 6 and the docket card reflects "Meeting of Creditors Held and Concluded," a docket entry without an associated pleading, entered on December 8, 2006.[10] Ferguson's

---

[7] Fed. R. Bankr. P. 4003; *Lampe v. Williamson (In re Lampe)*, 331 F.3d 750, 754 (10th Cir. 2003); *In re Robinson*, 295 B.R. 147, 152 (10th Cir. BAP 2003) ( "Once a debtor claims an exemption, the objecting parting bears the burden of proving the exemption is not properly claimed.").

[8] Dkt. 3.

[9] Dkt. 10.

[10] Dkt. 12.

objection was filed on January 6, 2006, 31 days after December 6, 2005, but within 30 days of December 8, 2005. While Rule 4003(b) clearly states that the objection time runs from the date of the completion of the first meeting of creditors, Ferguson argues that the time only runs from the date the notice of completion is filed. The Court understands that some confusion could well result from the fact that the text entry on the electronic docket does not include a statement of the date certain upon which the hearing was completed. The Clerk has advised the Court that this is a facet of CM/ECF that may require further investigation and refinement. For the purposes of this case only, the Court concludes that a creditor perusing the docket card would be unable to conclude the actual date upon which the first meeting was concluded, only that it had in fact been concluded. Accordingly, Ferguson is entitled to a decision on the merits.

Under § 522(b)(2) as effective prior to October 17, 2005, the debtor was entitled to exempt from the property of the estate such property as would be exempt from execution or attachment at Kansas law. With respect to motor vehicles, K.S.A. 60-2304(c) provides:

> Every person residing in this state shall have exempt from seizure and sale upon any attachment, execution or other process issued from any court in this state . . . (c) Such person's interest, not to exceed $20,000 in value, in one means of conveyance *regularly used for the transportation of the person or for transportation to and from the person's regular place of work* . . .

(Emphasis added.). A debtor's exemption rights are determined as of the date of the filing of the petition.[11] When determining the validity of the exemption claimed under state law, the bankruptcy courts look to state law.[12] Under Kansas law, exemptions are to be liberally

---

[11] 11 U.S.C. §522(b); *Mainsail v. Carol (In re Mainsail)*, 379 F.2d 682, 684 (10th Cir. 1967)(holding "[in a bankruptcy proceeding the determination of what property is exempt is made as of the date of filing...").

[12] *Lampe*, 331 F.3d at 754.

4

construed in favor of the claimant.[13]

Neither the parties nor the Court found any Kansas appellate case that interprets the term "regularly used" as it is employed in KAN. STAT. ANN. § 60-2304(c). However, the well-reasoned decision in *In re Hight*, issued by the Honorable Janice Miller Karlin of this court, sheds light on this issue.[14] In *Hight*, the debtors owned four vehicles when they filed their chapter 13 petition. Because it was a joint case, they exempted two of the vehicles. Thereafter, when the debtors converted their case to a chapter 7 liquidation, the debtors amended their Schedule C, changing their vehicle exemptions to another vehicle and a motorcycle. The chapter 7 trustee objected to this amendment, arguing that the debtors were estopped from declaring the latter vehicles as exempt by their previous schedules that amounted to a sworn statement that the first two vehicles were the debtors' "primary" means of conveyance. Judge Karlin wrote:

> Had the Kansas Legislature used a term such as "exclusively used" or "primarily used," Kan. Stat. Ann. § 60-2304(c) would clearly prohibit a debtor from claiming that more than one vehicle would qualify as exempt. *However, the term "regularly used" seems to imply a less restrictive requirement, one which would allow more than one vehicle to qualify for the exemption.*[15]

Stating that any ambiguity as to whether the debtor may regularly use more than one vehicle should be resolved in favor of the debtors, Judge Karlin concluded that the debtors should each be able to exempt any vehicle they regularly used.[16]

---

[13] *Id.*, quoting *In re Ginther*, 282 B.R. 16, 19 (Bankr. D. Kan. 2002).

[14] No. 02-41879 (D. Kan. Sept. 2, 2004) (Karlin, B.J.) (order overruling trustee's objection to exemption).

[15] *Id.* at p. 6 (emphasis added). Judge Karlin suggests that a debtor may choose from several "regularly used" vehicles when declaring one vehicle exempt.

[16] *Id.*

5

This Court agrees. "Regular" is defined as "customary, usual, or normal" or "occurring at fixed intervals; periodic."[17] The debtor regularly uses the Camaro and is entitled to a liberal construction of the exemption laws. A car driven an average 500 miles per month in the town of Kingman is certainly in regular use. The statute does not require that the vehicle exempted be "primary." Nor should a court applying it concern itself with whether the vehicle the debtor chooses to exempt is lightly encumbered or free and clear of liens. What matters is that the vehicle is worth less than $20,000 and is either (i) the debtor's means of conveyance to his place of work; *or* (ii) be in regular use. The subjunctive structure of the statute permits the debtor to exempt a vehicle other than his means of conveyance to and from work, so long as it is "regularly used."

Ferguson's objection to exemption is OVERRULED.

IT IS SO ORDERED.

# # #

---

[17] *The American Heritage Dictionary*, Second College Edition 1041(1982).